MURDOCK, Justice.
In February 2004, Henry L. Slade (also known as Henry Bryan Slade) (“Henry Bryan”) died after an automobile driven by Hannah Virginia Gordon collided with the automobile in which Henry Bryan was riding. Henry Bryan’s brother, Jason E. Slade (“Jason”), was driving the automobile in which Henry Bryan was riding, and Henry Bryan’s best friend, Dustin McCut-cheon, also was a passenger in the automobile. As a result of the collision, Henry Bryan, who was not wearing a seatbelt, was thrown from the automobile. Immediately after the collision, Jason and McCut-eheon, both of whom were injured as a result of the collision, ran to assist Henry Bryan; he died before paramedics could arrive. At the time of the collision, Gordon, who was 20 years of age, was intoxicated.
In August 2004, Jason and Henry E. Slade (“Slade”), Jason and Henry Bryan’s *429 father and the personal representative of Henry Bryan’s estate (“the estate”), filed a complaint in the Mobile Circuit Court against Monsoons, L.L.C., the owner of a bar that had served Gordon alcohol on the night of the collision; Gordon; Robert Morris Gordon, Jr., Gordon’s father; and State Farm Mutual Automobile Insurance Company, the insurer of the vehicle Jason was driving at the time of the accident (that action is hereinafter referred to as “the Slade action,” CV-04-3128). In the complaint, Slade, as personal representative of the estate, alleged that Monsoons had negligently or wantonly served alcohol to Gordon on the night of the collision, that Gordon was not of legal age to purchase or consume alcohol, and that Gordon’s blood-alcohol content was above the legal limit at the time her vehicle collided with Jason’s automobile. Slade also alleged that Gordon had negligently or wantonly caused the collision and that Gordon’s father had negligently entrusted her with the automobile she was driving at the time of the collision. Further, Slade alleged that he was entitled to underinsured-motorist coverage under an insurance policy issued by State Farm and under which Henry Bryan was a named insured.
In addition to the personal representative’s claims, Jason also asserted claims against Gordon, her father, and Monsoons. Jason alleged that the negligent or wanton acts of Gordon, her father, and Monsoons caused him to suffer injury and that he was entitled to compensatory damages for physical and emotional injuries he allegedly suffered from the collision and for physical and emotional injuries he allegedly suffered from watching his brother die. The complaint does not contain a claim by Jason against State Farm.
On September 1, 2004, McCutcheon filed a complaint in the Mobile Circuit Court against Gordon, her father, Monsoons, and State Farm (that action is hereinafter referred to as “the McCutcheon action,” CV-04-3186). McCutcheon’s claims against Gordon, her father, and Monsoons were based on theories of negligence and wantonness. As to State Farm, McCutcheon alleged that at the time of the collision he was “an insured under the terms ... of a policy of insurance which had been issued by ... STATE FARM” for underinsured-motorist coverage and that he was a “third party beneficiary of a contract between ... STATE FARM ... and SLADE” for underinsured-motorist coverage. We note that the only “Slade” identified by name in McCutcheon’s complaint is Jason. McCut-cheon requested both compensatory and punitive damages for his alleged injuries.
In October 2004, McCutcheon filed a motion in both the Slade action and the McCutcheon action requesting that the trial court consolidate the actions “for discovery and trial.” Gordon and her father filed a motion objecting to the consolidation of the cases for trial. According to entries on case-action-summary sheets for the Slade action and the McCutcheon action, the trial court consolidated the cases in December 2004 “as to discovery only.”
After a joint mediation, the claims asserted by the personal representative were settled. Also, State Farm and Gordon’s insurance carrier, Alfa Insurance Company, agreed to pay their respective insurance policy limits as part of a settlement with Jason and McCutcheon. Subsequently, however, a dispute arose between Jason and McCutcheon as to the allocation of the insurance proceeds between them and as to whether . McCutcheon could recover damages for mental anguish allegedly caused by Henry Bryan’s death. In April 2006, the trial court conducted an ore ten-us hearing as to those issues. On May 5, 2006, in both the Slade action and the McCutcheon action, the trial court entered *430 an “Order Allocating Insurance Proceeds.” [1] The order states:
“As a consequence of the wreck, Bryan Slade was killed and his brother, Jason Slade received physical injuries and mental damages associated with those injuries, as well as observing the death of his brother in said wreck. Dustin McCutcheon, a passenger in the Slade vehicle, also suffered physical injuries and mental anguish associated with those injuries, as well as observing the death of Bryan Slade.
“The claim involving Bryan Slade’s death was settled with all defendants for the policy limits of insurance available for said death. Said limits included the following:
“1. $250,000.00 from Hannah Gordon’s liability insurance carrier;
“2. $90,000.00 from Monsoons, LLC’s liability insurance carrier1; and
“3. $20,000.00 from the underinsured motorist carrier.
“Thereafter, Hannah Gordon’s insurance carrier, [Alfa], tendered the remaining policy limits available under her policy in the amount of $250,000.00 for settlement of the remaining claims by Jason Slade and Dustin McCutcheon for the injuries and damages each suffered. Additionally, State Farm tendered its remaining limits of $20,000.00 in under-insured motorist benefits.2
“Upon agreement by all parties, a hearing was held by this Court to determine the damages legally recoverable by Jason Slade and by Dustin McCutcheon, the two remaining plaintiffs to this action. The purpose of this hearing was to determine how the remaining $250,000.00 in insurance proceeds should be allocated amongst these remaining plaintiffs.
“After due consideration of arguments by counsel for all parties, written briefs, exhibits, testimony from witnesses and a review of the record and court file, the Court hereby finds and orders that the division of funds tendered by [Alfa] as the liability insurance carrier for Hannah Gordon in the amount of $250,000.00 be allocated as follows:
“1. Jason Slade, ... after due consideration of all materials before this Court and testimony at the hearing of this matter, shall receive $230,000.00.
“2. Dustin McCutcheon, after due consideration of all materials before this Court and testimony at the hearing of this matter, shall receive $20,000.00.
“The Court finds that Dustin McCut-cheon is only entitled to mental anguish damages suffered by himself personally and no mental anguish damages associated with the death of Bryan Slade, an unrelated individual.
“This Court directs [Alfa], as the liability insurance carrier for Hannah Gordon, to distribute the remaining settlement funds in accordance with the above referenced finding relative to each plaintiffs degree of damage suffered as a result of the ... accident.
“It is further ORDERED that said settlement proceeds be held in trust by the attorneys for Jason Slade and Dustin McCutcheon for a total of forty-two (42) days pending any potential appeal of this Court’s findings.
*431 ‘1Plaintiffs Slade and McCutcheon voluntarily waived any right to the ‘per occurrence' limits of $90,000.00 available to Monsoons, LLC, at the time of settlement, thereby allowing for the allocation of that entire amount to Henry Slade’s claim as the administrator of Bryan Slade's estate.
“2Dustin McCutcheon waived his right to collect the $20,000.00 tendered by State Farm and allowed that amount to be collected by Jason Slade.”
On May 12, 2006, the trial judge initialed an entry on the case-action-summary sheet in the Slade action, which states: “[C]ase is dismissed without prejudice!,] costs taxed as paid.”
On May 19, 2006, McCutcheon filed a motion in the McCutcheon action seeking the issuance of a subpoena so that McCut-cheon could discover materials in the file on the criminal charges relating to Gordon, who was intoxicated at the time of the collision and who allegedly fled the scene. Thereafter, and before the trial court ruled on his motion, McCutcheon appealed in both the Slade action and the McCutcheon action. Subsequently, on June 8, 2006, McCutcheon and State Farm filed a joint stipulation of dismissal in the McCutcheon action requesting that McCutcheon’s claims against State Farm be dismissed with prejudice. The case-action-summary sheet in the McCutcheon action contains an unsigned order of dismissal of McCut-cheon’s claims against State Farm.
On appeal, McCutcheon argues that the trial court erred when it concluded that he could not recover damages for mental anguish arising out of the death of Henry Bryan. Before we address McCut-cheon’s argument, however, we must first consider the merits of a motion to dismiss that Jason filed with this Court. Jason states that the Slade action and the McCutcheon action were consolidated for purposes of discovery only and that, even if they were consolidated for purposes of trial, they required the entry of separate judgments; that the allocation order was-entered in the Slade action, but not in the McCutcheon action; that the allocation order did not finally adjudicate all the claims in the Slade action or the McCutcheon action; that the trial court dismissed the claims in the Slade action, without prejudice, after it entered the allocation order, but that it has not entered a final judgment in the McCutcheon action; that McCutcheon has no standing to appeal from a judgment in the Slade action; and that, even if McCutcheon has standing to appeal from a judgment in the Slade action, a dismissal without prejudice is not a judgment that will support an appeal.
We conclude that Jason is wrong in his assertion that the allocation order was not entered in the McCutcheon action. As previously noted, the order was in fact entered in both actions, see note 1 supra, and the case-action-summary sheet in the McCutcheon action reflects that the order was entered in that action. Nevertheless, it is unclear whether the allocation order purports to adjudicate all claims as to all parties in either the Slade action or the McCutcheon action. See Rule 54(b), Ala. R. Civ. P. For example, it is unclear whether the order was intended to adjudicate either Jason’s or McCutcheon’s claims against Gordon’s father or against Monsoons.[2] Also, the fact of the trial court’s subsequent order dismissing the Slade action without prejudice and the absence of a similar order in the McCutcheon action, as well as McCutcheon’s filings after the allocation order was entered, support the conclusion that a final judgment has not been *432 entered, at least not in the McCutcheon action.
In light of the foregoing, and absent any further considerations, it would normally be appropriate for this Court to dismiss McCutcheon’s appeal in the McCutcheon action as being from a nonfinal judgment. See Rule 54(b), Ala. R. Civ. P. Given the unique posture of this case, however, and in light of our concerns as to the Slade action and our remand of that cause as discussed below, we find it appropriate to remand the McCutcheon action (CV-04-3186) to the trial court to facilitate resolution of the issues presented by these appeals.
As to the Slade action, although the trial court initially entered an order consolidating the Slade action and the McCutcheon action for purposes of discovery only, it is clear from what transpired at the April 2006 joint hearing and from the allocation order that was entered in both the Slade action and the McCutcheon action that the actions were in effect consolidated for the trial of the parties’ respective claims to the settlement proceeds described in the allocation order.[3] Thereafter, the trial court purported to dismiss the Slade action “without prejudice.” It is unclear why the trial court did this. Nothing in the record reflects that any party requested such a dismissal. More importantly, it is unclear to this Court whether the trial court’s order of dismissal was intended (1) to abrogate the allocation order as to the Slade action, since it purported to effect a dismissal of “the case” without prejudice, (2) to reflect only the dismissal, without prejudice, of remaining claims, if any, that were not resolved by the allocation order, or (3) to accomplish some other result.[4] Because there appears to be some inconsistency in the orders entered by the trial court, and because we cannot definitively conclude from the record what the trial court intended when it entered the order of dismissal in the Slade action, we remand the Slade action (CV-04-3128) to the trial court for a period of 30 days from the date of this opinion for the entry of such orders as may be necessary to clarify the status of the Slade action, including the status of Jason’s claims against each of the named defendants and Jason’s claim to a portion of the settlement proceeds described in the allocation order.
Likewise, we remand the McCut-cheon action (CV-04-3186) to the trial court for a period of 30 days for the entry of one or more orders clarifying the status of the McCutcheon action, including the status of McCutcheon’s claims against each of the named defendants and McCut-cheon’s claim to a portion of the settlement proceeds described in the allocation order.
On remand, the trial court also should clarify whether the Slade action and the *433 MeCutcheon action have been consolidated for any purposes other than discovery and the trial of Jason’s and McCutcheon’s respective claims to the settlement proceeds, and, if not, whether Slade and McCut-cheon, or either of them, has been added as a party to the other’s action for purposes of deciding the allocation of those proceeds, and to enter such order or orders as may be necessary and appropriate to reflect these determinations.[5]
If, at the conclusion of 30 days, these actions are not returned to us with the entry of an appealable judgment (by way of final judgment or a Rule 54(b), Ala. R. Civ. P., certification), the appeals will be subject to dismissal.
1051294—REMANDED WITH INSTRUCTIONS. 
1051296—REMANDED WITH INSTRUCTIONS. *
COBB, C.J., and SEE, STUART, and BOLIN, JJ., concur.

. The records in the Slade action and the McCutcheon action each contain a copy of the order. Each order reflects the circuit court clerk's date-stamp, and each order bears the case number for both actions (although the number for the Slade action is typed and the number for the McCutcheon action is handwritten). The clerk made a notation of the filing of the order on each case-action-summary sheet.

. In contrast, the allocation order clearly indicates that the claim brought by Heniy Bryan’s father, as the personal representative of the estate, for Henry Bryan's death "was settled with all defendants for the policy limits of insurance available.” (Emphasis added.)

. We note that in neither the Slade action nor the McCutcheon action are there any claims formally alleged by either Jason or McCut-cheon against the other seeking an equitable allocation by the trial court of the settlement proceeds described in the allocation order. It appears that the trial court expanded its consolidation of the cases to include the trial of such claims and then proceeded to try those claims, with the implied consent of the parties. See Rule 15(b), Ala. R. Civ. P. ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amend-menl of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.” (emphasis added)).

. If, as Jason contends, the allocation order adjudicated nothing, and assuming all claims in the Slade action were dismissed without prejudice, the question would arise as to whether Jason has any right to benefit from the allocation order.

. Such an order will serve as a basis for considering whether either Slade or McCut-cheon has standing to appeal a given judgment and, concomitantly, what judgments must be appealed by either of them if he does not wish to be bound thereby.